
**SIGNED this 7 day of February, 2019.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-40430-JTL |
| **ESMERALDA HERNANDEZ**, | ) | |
| Debtor. | ) | Chapter 13 Proceeding |
| | ) | |
| | ) | |
| **ESMERALDA HERNANDEZ**, and | ) | |
| **KRISTIN HURST**, as Chapter 13 Trustee, as to | ) | |
| Count I, and | ) | |
| **KRISTIN HURST**, as Chapter 13 Trustee, as to | ) | |
| Count II and Count III | ) | Adversary Proceeding No: |
| Plaintiffs, | ) | 18-04017 |
| | ) | |
| v. | ) | |
| | ) | |
| **ROBERT A. NICHOLS**, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION DENYING
## DEFENDANT'S RULE 12(b) MOTION TO DISMISS

This matter came before the Court on the Defendant's (Nichols), Rule 12(b) Motion to

Dismiss (the Motion). (A.P. Doc. No. 7). Nichols filed the Motion prior to filing his answer and

asserted the Motion under Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure (FRCP) 12. For the reasons below, the Court denies the Motion.

Plaintiff Esmeralda Hernandez (Hernandez), filed the complaint on November 6, 2018. (Complaint; A.P. Doc. No. 1). The complaint asserts three causes of action: a common-law fraud claim seeking damages and rescission of a warranty deed (Claim I), a determination of Nichols' claim in the underlying bankruptcy proceeding (Claim II), and a fraudulent transfer claim under 11 U.S.C. § 548 (Claim III).

The Motion alleged bases to dismiss each of the stated claims. Since Nichols moved for dismissal, Hernandez filed a Motion to Substitute Party, seeking to add Kristin Hurst, the Chapter 13 Trustee, as a party in this case. The Court granted this motion. (Order Granting Motion to Substitute Party; A.P. Doc. No. 17). The entry of that order moots Nichols' arguments for dismissing Claims II and III.

As to Claim I, Nichols argues that, because the doctrines of res judicata and collateral estoppel prevent recovery, Hernandez cannot state a claim for relief. In support, the Motion references a state-court dispossessory proceeding involving these litigants, in which the Superior Court of Muscogee County entered a judgment against Hernandez (the Superior Court Judgment). In the state-court proceeding, Nichols alleges that Hernandez failed to raise her fraud claim as a compulsory counter-claim and further that, when Hernandez asserted fraud as a basis for relief from the judgment, the Superior Court rejected Hernandez's argument. Accordingly, Nichols argues Hernandez may not re-litigate her fraud claim in this bankruptcy proceeding.

Hernandez does not dispute that the Superior Court Judgment exists. In fact, the Complaint acknowledges the judgment. (*See* Complaint at ¶ 14). Her argument against dismissing Claim I is that, to determine the effect of the Superior Court Judgment, this Court

2

must review the record in the state-court case. This record is outside the pleadings and thus, Hernandez argues, beyond the scope of a FRCP 12(b)(6) motion. The Court agrees.

A trial court's analysis in a FRCP 12(b)(6) motion "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). When a moving party asks the court to consider evidence "that provides some substantiation for the pleadings[,]" the evidence is outside the pleadings and the court must address the motion under FRCP 56. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Only when an affirmative defense "can be judged on the face of the complaint," can the defense be raised as a motion rather than in a pleading. *Id.*; *see also*, *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) (explaining an affirmative defense may be raised as a motion only when the complaint asserts facts that preclude recovery).

The complaint filed in this Case does not sufficiently describe the Superior Court Judgment to create a basis to dismiss the case under FRCP 12(b)(6).[1] Although the complaint acknowledges the State Court Judgment, it does not incorporate the judgment nor sufficiently detail the judgment's conclusions for the Court to conclude res judicata prevents recovery. The complaint merely states that the state court ordered "ejectment against [Hernandez]" and found Nichols was "entitled to have possession in fee simple." Insufficient facts were pled to conclude Hernandez's fraud claim would have been a compulsory counter-claim and no facts were pled pertaining to the state court's denial of Hernandez's motion for relief from the judgment. To conclude either res judicata or collateral estoppel prevents recovery, the Court would have to rely on extraneous documents to substantiate the allegations pled in the complaint. Therefore, the

---

[1] Nothing in this opinion, however, should be construed to prevent Nichols from asserting res judicata or collateral estoppel as affirmative defenses in his answer under FRCP 8(c) or to prevent Nichols, once the pleadings are closed, from arguing in a motion under FRCP 56 that Hernandez cannot overcome the affirmative defenses as a matter of law.

3

Court concludes that the Motion relies on evidence outside the pleadings and that the case is not suited for disposition through a FRCP 12(b) motion.

[End of Document]